

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 24, 1992

Honorable Robert Eckels
Chairman
Committee on County Affairs
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-171

Re: Whether the board of directors of a county education district is authorized to adopt the discount for early payment of property taxes provided by section 31.05 of the Tax Code on taxes owed to the district, and related questions (RQ-311)

Dear Representative Eckels:

You have asked us to construe section 31.05 of the Tax Code as it relates to county education districts and school districts. Specifically, you ask the following questions:

> 1. Is the board of directors of a county education district authorized to adopt the discounts for early payment of property taxes provided by Section 31.05, Tax Code, on taxes owed to the district?

> 2. Does the answer to the first question depend on whether one, more than one, or all of the component independent school districts that comprise the county education district have adopted the discounts for early payment of property taxes on taxes owed to an independent school district?

> 3. Is the board of trustees of an independent school district that is a component school district of a county education district and collects both taxes owed to the independent school district and taxes owed to the county education district on property in the [independent school district] authorized to adopt the discounts for early payment of property taxes owed to the school district?

> 4. Does the answer to the third question depend on whether the board of directors of the county education district

> has adopted the discounts for early payment of property taxes owed to the county education district?

Chapter 31 of the Tax Code provides the method by which a taxing unit[1] shall collect property taxes on taxable property[2] listed on the tax rolls[3] of the taxing unit. *See* Attorney General Opinion DM-94 (1992) at 1-3 (describing annual appraisal and assessment process all taxing units must complete). Pursuant to section 31.01, each taxing unit's assessor[4] "shall prepare and mail a tax bill to each person in whose name the property is listed on the tax roll or to his authorized agent." Tax Code § 31.01(a); *see id.* § 31.01(c), (d) (specifying information assessor must place on tax bill). Generally, the assessor must mail out the tax bills prior to October 1 of each year. *Id. But see id.* § 26.135 (permitting school district to continue to collect taxes at dates other than those specified in chapter 31 if school district had done so for at least ten years before January 1, 1989). While taxes are due upon receipt of the tax bill, section 31.05 permits a taxing unit to offer specified discounts on the tax to persons who submit payment within specified time periods after the date the assessor mailed the tax bills. Section 31.05 states in pertinent part as follows:

> (a) The governing body of a taxing unit that collects its own taxes may adopt the discounts provided by Subsection (b) or Subsection (c) of this section, or both, in the manner required by law for official action by the body. The discounts, if adopted, apply to taxes for a taxing unit for which the adopting taxing unit collects taxes if the governing body of the other unit, in the manner required by law for official action by the body, adopts the discounts or approves of their application to its taxes by the collecting unit. If a taxing unit adopts both discounts under Subsections (b) and (c) of this section, the discounts adopted under Subsection (b) apply unless the unit mails its tax bills after

---

[1]The Property Tax Code, title 1 of the Tax Code (of which chapter 31 is a part), uses the term "taxing unit" to denote, among other political units of the state, county education districts and school districts. Tax Code § 1.04(12); *see* Educ. Code § 20.01 (authorizing school districts to assess and collect annual ad valorem taxes); *id.* § 20.945 (requiring county education districts to levy taxes).

[2]*See* Tax Code ch. 11 (defining taxable property and exemptions); *id.* §§ 21.01, 21.02, 21.03 (regarding taxability of real property, tangible personal property generally, and intangible property generally).

[3]*See id.* § 26.09(c) (defining "tax roll").

[4]*See id.* §§ 6.21, 6.22 (providing for determination of assessor and collector of taxing unit).

September 30, in which case only the discounts under Subsection (c) apply.

(b) [Providing discounts a taxing unit may adopt regardless of the date on which it mails its tax bills]

(c) [Providing discounts a taxing unit may adopt if it mails its tax bills after September 30]

*See* Katz & Muller, *Procedural Rights & Remedies under the Texas Property Tax Code--A Guide to the Code, Recent Amendments, and Developing Case Law*, 18 ST. MARY'S L.J. 1209, 1223 (1987).

Under section 31.05(a), a taxing unit may adopt the discounts specified in subsections (b) and (c) for the timely payment of taxes, but only in the presence of one of two circumstances:[5] Either the taxing unit collects its own taxes; or if it does not collect its own taxes, the unit that collects its taxes (the collecting unit) also has adopted the discounts. Section 31.05 does not permit a noncollecting taxing unit to choose to adopt the discounts unless the collecting unit has adopted the discounts. *See* Hearings on H.B. 1282 Before the House Subcommittee on Property Tax, 68th Leg. (Apr. 12, 1983) (statements of unidentified representative and committee counsel) (tape on file with House Committee Coordinator).

We note that section 20.945 of the Education Code does not authorize a county education district to collect its own taxes; consequently, either the county education district must contract with one or more appraisal districts or taxing units for the collection of the county education district's taxes, or the county education district's component school districts must assess and collect its taxes. Educ. Code § 20.945(b). As the first sentence of section 31.05(a) applies only to the governing body of a taxing unit that collects its own taxes, it does not apply to county education districts. Accordingly, under the first sentence of section 31.05(a), only a school district that collects its own taxes may adopt the discounts specified in subsections

---

[5]You specifically ask how section 20.945 of the Education Code will impact section 31.05. Section 20.945 requires "the board of trustees of a county education district to levy a tax at a rate necessary to collect its local fund assignment under section 16.252" of the Education Code. Educ. Code § 20.945(a). Section 16.252 defines a county education district's local fund assignment as the product of a specified tax rate and the taxable value of the property in the county education district for the prior tax year as determined by the comptroller. *Id.* § 16.252(a). In our opinion, a county education district may comply with section 20.945 and adopt the discounts section 31.05 authorizes by adjusting the tax rate so as to compensate for the revenue the district may lose due to the discounts.

(b) or (c). Such a school district may adopt the discounts for its taxes regardless of whether any taxing unit for which it collects taxes also adopts the discounts. The second sentence of subsection (a) applies to all county education districts and to those school districts that do not collect their own taxes. Pursuant to the second sentence, the county education district or noncollecting school district can decide whether to adopt the discounts only after the collecting unit has adopted the discounts.

Of course, the boundaries of a county education district may encompass more than one taxing unit, and the county education district may contract with more than one of those taxing units for the collection of its taxes due on property located within the collecting unit.[6] Some of the collecting units may adopt the discount, while others may not. We must consider, therefore, whether a county education district may adopt the discounts section 31.05 of the Tax Code authorize if some, but not all, of the collecting units adopt the discounts.

Prior to 1983, section 31.05 provided that, if a collecting unit adopted the discounts specified in the statute, the discounts automatically applied to all taxing units for which the collecting unit collected taxes. In 1983, the legislature amended section 31.05(a) to read as it does presently, so that once a collecting unit adopts the discounts, all of the noncollecting taxing units for which the collecting unit collects may choose whether to adopt the discounts. *See* Acts 1983, 68th Leg., ch. 862, § 2, at 4875-76. We believe that the scheme the legislature devised in section 31.05(a) requires that, in respect to the territory for which a collecting unit collects taxes, the collecting unit must decide in the first instance whether to offer the statutory discounts. Thus, the noncollecting unit cannot offer discounts inside the boundaries of a collecting unit that has not adopted the discounts, even if another unit that also collects for the noncollecting unit has adopted the discounts. Furthermore, a taxing unit cannot adopt discounts that apply to only some of the property within its jurisdiction. *See* Tex. Const. art. VIII, § 1 (requiring that taxation be "equal and uniform"); Attorney General Opinion JM-626 (1987) at 2 (construing article VIII, § 1 of the Texas Constitution to require that taxes be equal and uniform within taxing jurisdictions). Consequently, we believe that a county education district cannot adopt the discounts authorized in section 31.05 unless all of the taxing units that are collecting its taxes have adopted the discounts.

---

[6]*See* Educ. Code § 20.941(a) (stating that county education district is composed of all school districts that are assigned to a single county in 1990-1991 Texas School Directory, unless subsection (b) provides otherwise). We understand that in many cases a county education district contracts for the collection of its taxes with some or all of the school districts that make up the county education district.

We turn to your specific questions.  In answer to your first question, we conclude that section 31.05(a) of the Tax Code, together with section 20.945(b) of the Education Code, authorizes the board of directors of a county education district to adopt the discounts provided in subsections (b) and (c) if all of the taxing units that are collecting the county education district's taxes have adopted the discounts. In answer to your second question, we conclude that the actions of the component school districts comprising the county education district are relevant to the county education district's adoption of the discounts only if one or more of the school districts collects the county education district's taxes.  In that case, all of the school districts that collect the county education district's taxes, as well as all other taxing units that collect the county education district's taxes, must have adopted the discounts before the county education district can adopt them.  In answer to your third question, we conclude that section 31.05(a) of the Tax Code authorizes the board of trustees of a component school district that collects its own and the county education district's taxes to adopt the discount for taxes owed the school district.  In answer to your fourth question, the answer to the third question is independent of any action taken by the board of directors of the county education district of which the collecting school district is a part.

## S U M M A R Y

Under section 31.05(a) of the Tax Code, the board of trustees of a county education district may adopt the discounts provided for the timely payment of taxes under subsections (b) and (c) of that section only if all of the taxing units that collect the county education district's taxes have adopted the discounts. The board of trustees of an independent school district that is a component of a county education district and collects its own taxes as well as the county education district's taxes may adopt the discounts.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General